THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00094-MR-DLH

RICHARD LOWELL ROBINSON and )
CHRISTINE ROBINSON, Guardian )
Ad Litem for K.M.L., )
    )
        Plaintiffs, )
    )
vs. ) **O R D E R**
    )
    )
AMERICAN GENERAL LIFE AND )
ACCIDENT INSURANCE COMPANY, )
    )
        Defendants. )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion for Entry of Default against Plaintiffs Richard Lowell Robinson and Christine Robinson, Guardian Ad Litem for K.M.L. [Doc. 19].

**I.     PROCEDURAL BACKGROUND**

The Plaintiffs initiated this action in the Burke County General Court of Justice, Superior Court Division, on April 11, 2012, seeking payment of benefits under a life insurance policy issued by the Defendant. [Doc. 2-3]. The Defendant removed this action on May 10, 2012, on the basis of diversity jurisdiction. [Doc. 2-2]. The same day, the Defendant filed an

Answer and Counterclaim for a declaratory judgment that the insurance policy is void *ab initio* due to material misrepresentations on the insurance application. [Doc. 3-1]. The Plaintiffs did not respond to the Defendant's Counterclaim.

On June 1, 2012, the parties submitted a Certification of Initial Attorneys' Conference to the Court. [Doc. 9]. Thereafter, the Court entered a Pretrial Order and Case Management Plan [Doc. 10], directing the parties to file their dispositive motions on or before March 1, 2013. [Id. at 4].

The parties proceeded to engage in discovery. [See Docs. 12, 13]. On January 22, 2013, the parties filed a joint motion to extend the mediation deadline [Doc. 15], which was granted [Doc. 16].

On February 27, 2013, the Defendant filed a Motion for Summary Judgment [Doc. 21], along with the present motion seeking entry of default against the Plaintiffs on the Defendant's Counterclaim. [Doc. 19].

II. **ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default against a party which has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). Once an entry of default has been made, the party seeking judgment may seek a default judgment

from the Court. Fed. R. Civ. P. 55(b)(2). An entry of default, however, may be set aside upon a showing of good cause by the defaulting party. Fed. R. Civ. P. 55(c).

The Clerk of Court has not yet entered default against the Plaintiffs with respect to the Defendant's counterclaim. Upon careful review of the pleadings in this case, the Court concludes that an entry of default is not warranted. The Plaintiffs' failure to timely respond to the Defendant's Counterclaim appears to be more of a technical oversight than a failure "to plead or otherwise defend" the action. <u>See</u> Fed. R. Civ. P. 55(a). The Defendant's Counterclaim for a declaratory judgment that the insurance policy is void is a direct counter to the Plaintiffs' claim for payment of benefits under the policy. If the Court were to enter a default judgment on this Counterclaim, the Plaintiffs' entire case would fail, as a declaration that the policy is void would be a complete defense to the Plaintiffs' claim. Clearly, the Plaintiffs did not intend to abandon their sole claim for relief. Indeed, after the Defendant filed its Counterclaim, the Plaintiffs have engaged in discovery with the Defendant and have joined in a motion seeking the extension of certain deadlines. The record is clear that the issues set out in the Counterclaim are being litigated by consent, notwithstanding the Plaintiffs' failure to file a Reply to the Counterclaim.

Finally, the Court notes that the Defendant has not demonstrated any prejudice that would result from denying the entry of default.

For these reasons, the Court concludes that the Defendant's request for entry of default should be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Entry of Default against Plaintiffs Richard Lowell Robinson and Christine Robinson, Guardian Ad Litem for K.M.L. [Doc. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiffs shall file a Reply to the Defendant's Counterclaim within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: February 28, 2013

Martin Reidinger
United States District Judge