IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-94



FILED
IN COURT
ASHEVILLE, N.C.

APR 15 2013

U.S. DISTRICT COURT
W. DIST. OF N.C.

RICHARD LOWELL ROBINSON and )
CHRISTINE ROBINSON, Guardian *ad* )
*Litem* for K.M.L., )
　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiffs, 　　　　　　　　　)　　ORDER APPROVING SETTLEMENT
　　　　　　　　　　　　　　　　　　 )　　INVOLVING THE MINOR CHILD K.M.L.
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　 )
AMERICAN GENRAL LIFE and 　　　　　)
ACCIDENT INSURANCE COMPANY, )
　　　　　　　　　　　　　　　　　　 )
　　　　Defendant.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　 )

　　　　**THIS MATTER** is before the undersigned pursuant to a motion filed by counsel for Plaintiffs entitled "Petition for Approval of Minor's Settlement" (#27). An examination of the petition and the pleadings in this matter show that the Complaint alleges a breach of contract by Defendant's failure to pay a life insurance policy which would be payable, at least in part, to a beneficiary who is a minor. As a minor, any resolution of this matter must be approved by the presiding judge pursuant to N.C.G.S. § 1-402. The undersigned has set a hearing for April 15, 2013 for the purpose of hearing evidence in this matter and to make a determination as to whether or not to approve the settlement in this case.

　　　　From the pleadings, the evidence offered in this matter, and the arguments of counsel for Plaintiffs, including the minor Plaintiff and Defendant, the undersigned makes the following findings of fact:

## Findings of Fact.

I.

Christine Robinson is the duly appointed guardian ad litem for K.M.L., a minor child, pursuant to Order of the Clerk of Superior Court of Burke County, North Carolina filed on April 11, 2012. Ms. Robinson has now been appointed as the general guardian of K.M.L. by Order of the Clerk of Superior Court of Burke County, North Carolina.

II.

American General Life and Accident Insurance Company is a corporation organized and existing under the laws of the state of Tennessee having its principal place of business in Nashville, TN. American General Life and Accident Insurance Company has been authorized by the North Carolina Department of Insurance to issue policies of life insurance in the state of North Carolina.

III.

On February 15, 2009 Becky R. Lane made an application with Defendant for the issuance of a $100,000 life insurance policy payable upon the death of Becky R. Lane to her father Richard Lowell Robinson as beneficiary and to her daughter K.M.L. as beneficiary. In the application Ms. Lane was asked questions about her health history. The application was approved by Defendant and on March 3, 2009 Defendant issued a policy of life insurance with Becky R. Lane as an insured in an amount payable upon her death of $100,000. The application and policy provided that Richard Lowell Robinson, father of BeckyR. Lane was a beneficiary of sixty percent (60%) of any benefits payable under the policy and the minor child K.M.L., the minor child of Becky R. Lane, was a beneficiary of forty percent (40%) of any benefits payable. (Comp., #2-1, ¶ 8) The

policy bore policy number 209505450. Contained within the policy was the following language:

**THE CONTRACT**

The entire contract consists of this Policy, all attached riders and endorsements, the attached copy of the original application, and any attached amendments or supplemental applications. This contract is made in consideration of Your application and the payments of premiums as provided. We having relied on all statements in the application as being complete and true to the best of the knowledge and belief of the person(s) signing the application. In the absence of fraud, these statements are representations and not warranties. We will not use a statement to contest a claim or the validity of this Policy unless it is contained in the application.

No change in this policy is valid unless it is in writing and signed by one of Our officers. No agent or other field representative has authority to change or waive any Policy provision or extend the time for paying a premium.

**INCONTESTABILITY**

Except for nonpayment of premiums, We will not contest this Policy after it has been in force during the lifetime of the insured for two years from the date of application.

IV.

On March 10, 2010, Becky R. Lane died. This date of death was within the two year period as provided in the policy. A claim was presented to Defendant for the proceeds of the policy by Richard Lowell Robinson. After a contestable investigation, on April 12, 2011 Defendant denied the claim. After receiving the denial, Plaintiffs retained W. Wallace Respess, Jr. Attorney of Lenoir, North Carolina. Plaintiffs' counsel filed a Complaint with the Clerk of Superior Court of Burke County, North Carolina on April 11, 2012 and as is contained in file 12 cvs 588. In the Complaint, Plaintiffs' presented one cause of action, that being a claim for breach of contract against Defendant requesting as relief a recovery of the policy amount of $100,000 plus interest. The Defendant, after being served, filed a Petition for Removal alleging jurisdiction in this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The matter was

removed on May 10, 2012 (#2) to this Court.

V.

In a Motion for Summary Judgment (#22) filed on February 27, 2013, Defendant contends that Becky R. Lane did not disclose on her application true statements regarding her medical history. Specifically, Defendant contends that in the application question 15 asks:

> Within the past ten years, has any proposed insured been diagnosed as having or been treated for any of the following: chest pain, diabetes, disease or disorder of the digestive system, disease or disorder of the heart, blood or blood vessel, disease or disorder of the kidneys, disease or disorder of the muscular-skeletal system, disease or disorder of the thyroid or other glands, high blood pressure, mental illness, brain disorder, or stroke.
>
> Ms. Lane answered "no"
>
> Question 16 asks:
>
> Within the past twenty-four months has any proposed insured experienced unexplained weight or blood loss, chest pain, convulsions, dizziness, fatigue, numbness or paralyses, or been advised to have any diagnostic test, hospitalization, treatment or surgery.
> Ms. Lane answered "No"

The Defendant further contends that the statements and answers to these questions provided by Ms. Lane were false and the answers to those questions were material to Defendant's decision to issue the policy of insurance.

VI.

While Defendant's Summary Judgment was pending the parties participated in a mediated settlement conference. Ronald K. Payne, the mediator in the matter filed a Report (#26) on March 5, 2013 advising that all issues in dispute had been settled and compromised between the parties. The terms of the settlement are that Defendant will pay to the Plaintiffs the total sum of $35,000 in full settlement of all claims. Pursuant to the terms of the policy, Richard Lowell

-4-

Robinson will receive $21,000 and K.M.L. will receive a recovery of $14,000 from the proposed settlement.

VII.

The Court has made due inquiry into the facts and circumstances as referenced in the dispute described in the pleadings. The Court has read the pleadings including the Motion for Summary Judgment (#21) and the Brief of the Defendant (#22) and all documents submitted by the Defendant in support of the Motion for Summary Judgment (#22-1). Without expressing an opinion or making a decision as to the merits of the Motion for Summary Judgment, which might or might not be allowed, it would appear to the undersigned that if this matter did go to trial that the jury would be presented with the issue of whether or not Defendant did breach the contract of insurance by failure to pay the claims. If the jury finds in the affirmative, then the Plaintiffs would be entitled to a recovery of $100,000. If the jury finds in the negative then the Plaintiffs would obtain no recovery whatsoever. If this Court granted summary judgment for Defendant, then Plaintiffs would obtain no recovery whatsoever. In the opinion of the Court Plaintiffs have some risk of there being an adverse finding in regard to summary judgment and have a substantial risk of there being an adverse jury verdict. Considering all factors in this case and considering the foregoing and having consulted in open court with counsel for Plaintiffs and Christine Robinson as guardian ad litem for K.M.L., the Court is of the opinion that a settlement in the amount of $35,000 with a recovery to K.M.L. in the amount of $14,000 is a fair and reasonable settlement of this dispute and will allow a substantial recovery that can be used for the use and benefit of the minor child K.M.L. in this matter. The Court further finds that a settlement in the amount of $35,000 is a fit, proper, and just payment by Defendant in full satisfaction of all claims that might

be asserted by the Plaintiffs herein, including the minor plaintiff K.M.L. The Court further finds that it is in the best interest of the Plaintiffs, and particularly the minor Plaintiff, that such settlement be approved by this Court.

From the foregoing findings of fact the Court makes the following conclusions of law:

### Conclusions of Law.

1) Christine Robinson is the duly appointed guardian ad litem for K.M.L. and is authorized to bring this action and that this Court now has jurisdiction of the action and over the parties and the subject matter of the action.

2) That all parties are properly before the Court as are necessary for the settlement of all claims in this matter.

3) That after hearing the evidence in this case, the Court finds that it is in the best interest of the minor child K.M.L. and it is in the best interest of Richard Lowell Robinson that the sum of $35,000 be received by them in full satisfaction of all claims that might be asserted. The payment of the sum of $35,000, when paid, shall be in full and complete settlement of all claims on behalf of Richard Lowell Robinson and Christine Robinson as guardian ad litem for K.M.L. From the terms of the policy, Richard M. Robinson is entitled from the recovery to receive $21,000 and the minor child K.M.L. shall receive the sum of $14,000.

### ORDER

**NOW, THEREFORE,** by and with consent of the Plaintiffs and the Defendant as evidenced by the signatures of the Plaintiffs and the attorneys respectfully for said parties whose

signatures are herewith affixed to this Order that it be **ORDERED, ADJUDGED AND DECREED**:

1) The Court approves the settlement received in this case for the total sum of $35,000 with there to be paid from said sum to the Clerk of Superior of Burke County, North Carolina the sum of $14,000 for the benefit of the minor child K.M.L.;

2) When paid in full, such payment shall be a full and final bar in favor of all claims of the Plaintiffs or anyone acting on behalf of said persons to any and all actions or causes of actions which the Plaintiffs have against the Defendant;

3) The Court further orders and directs that the sum set forth above shall be disbursed by the Defendant as follows:

(1) To Richard Lowell Robinson the sum of $21,000;

(2) To the Clerk of Superior Court of Burke County the sum of $14,000 to be held by the Clerk for K.M.L. upon interest as provided by law which is to be disbursed to K.M.L. upon her attaining the age of majority or upon such appropriate court order as shall be entered;

(3) The Defendant shall pay to Ronald K. Payne, mediator in this case, the sum of $1,500 for his services in this matter.

So ordered and entered in open court on this April 15, 2013.

WE CONSENT:

_____  
W. Wallace Respess, Jr., Attorney for Plaintiffs

_____  
Alycen A. Moss, Attorney for Defendant

_____  
Richard Lowell Robinson, Plaintiff

_____  
Christine Robinson, Guardian ad litem for K.M.L.

_____
Dennis L. Howell, United States
Magistrate Judge for the Western
District of North Carolina